# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

GEORGIA W. BENTON, *et al.*,　　)
　　　　　　　　　　　　　　　　 )
　　Plaintiffs,　　　　　　　　 )
　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　 )　　　　　CV423-359
　　　　　　　　　　　　　　　　 )
CITY OF PORT WENTWORTH, )
GEORGIA, *et al.*,　　　　　　 )
　　　　　　　　　　　　　　　　 )
　　Defendants.　　　　　　　　 )

## REPORT AND RECOMMENDATION

The Court previously granted *pro se* plaintiff LaRay J. Benton leave to proceed *in forma pauperis*. Doc. 5. Because of ambiguities in the proper parties to his Complaint, he was directed to amend it. *Id.* at 2-4. He complied, and several other plaintiffs joined the Amended Complaint *pro se*. *See generally* doc. 6. To address those parties' joinder on the propriety of the Court's prior leave to pursue this case *in forma pauperis* and to address additional issues with the parties, the Court directed each of the plaintiffs, respectively, to submit applications to proceed *in forma pauperis* and required them to submit a Second Amended Complaint. *See generally* doc. 7. Their extended deadline to comply with that Order has now passed, *see* doc. 10, and they have only partially complied, *see* doc.

11.   Because the parties, other than LaRay J. Benton, have failed to comply with the Court's Order to submit applications to proceed *in forma pauperis*, their claims should be **DISMISSED**.  To the extent that LaRay J. Benton's claims remain pending *in forma pauperis*, *see* doc. 10 at 2-3, any claim asserted in the Second Amended Complaint[1] should be **DISMISSED** for failure to state a claim upon which relief can be granted.

As the Court previously summarized, this case involves a dispute over real property located in Port Wentworth, Georgia.  *See* doc. 5 at 1, 3. The Amended Complaint facially asserted claims on behalf of the Estate of Leroy Benton, Sr.  *See* doc. 7 at 5.  The Court explained that those claims could not clearly be asserted by any of the *pro se* plaintiffs.  *Id.* at 5-6.  The Second Amended Complaint states that claims on behalf of the Estate are omitted because the property at issue was transferred, in probate, to Leroy Benton, Sr.'s widow, Plaintiff Georgia W. Benton.  Doc. 11 at 1; *see also* doc. 12.  The Court's prior Order also pointed out that the Amended Complaint was an impermissible "shotgun pleading."  Doc. 7 at 6-10.  As explained below, the Second Amended Complaint is too.

---

[1] Although Plaintiffs titled the filing "Third Amended Complaint," *see* doc. 11 at 1, it is the second amended pleading filed on the docket, *see generally* docket.

First, Plaintiffs Georgia W. Benton, Leroy Benton, Jr., and Lashawn Benton have all failed to comply with the Court's Order that they, respectively, move to proceed *in forma pauperis*. *See* doc. 7 at 3-4 (citing, *inter alia.*, *Howell v. Manitowoc Cnty. DHS*, 2020 WL 7496394, at *1 (E.D. Wis. Dec. 21, 2020)); *see also* doc. 10.  The Court expressly warned them that failure to timely submit those applications could result in dismissal of their claims.  Doc. 7 at 4.  They failed to respond timely. *See generally* docket.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders.  *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).  Plaintiffs Georgia W. Benton, Leroy Benton, Jr., and Lashawn Benton's failure to comply with the Court's Order provide sufficient reasons to dismiss their claims.  *See, e.g., Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir.

3

2006) ("Dismissal pursuant to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Accordingly, Georgia W. Benton, Leroy Benton, Jr., and Lashawn Benton's claims should all be **DISMISSED**.[2] Doc. 11.

While the Second Amended Complaint refers to various civil rights and environmental statutes, *see* doc. 11 at 2, 59-60, the specific claims are all asserted on behalf of the United States, under the False Claims Act, 31 U.S.C. §§ 3729, *et seq*. *See* doc. 11 at 18, 23, 37, 47, 53. The Eleventh Circuit has expressly held that plaintiffs cannot serve as *qui tam* relators *pro se*. *See, e.g., Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008); *Ford v. Helms Career Institute*, 825 F. App'x 719, 721-22 (11th Cir. 2020) ("[W]e have held that an individual may not maintain a *qui tam* suit under the FCA as a *pro se* relator." (internal quotation marks and citation omitted)). All of the asserted False Claims Act claims

---

[2] Even if their claims were not dismissed for their failure to obey the Court's Order, to the extent that the allegations supporting their claims are not distinct from LaRay J. Benton's, they are fatally defective for the reasons discussed below.

should, therefore, be **DISMISSED**.  *See, e.g., Ford*, 825 F. App'x at 721-22 (affirming dismissal of claims).

Finally, despite the Court's prior warning that "shotgun pleadings" were impermissible, *see* doc. 7 at 6-10, the Second Amended Complaint failed to correct that defect.  The Court previously explained the four typical varieties of shotgun complaint, *id.* at 7:  (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a pleading that does not separate into a different count each cause of action or claim for relief; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim.  *Adams v. Huntsville Hosp.*, 819 F. App'x 836, 838 (11th Cir. 2020) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23).   The Second Amended Complaint most obviously falls into the first and fourth categories.

The Second Amended Complaint identifies at least seventeen defendants: the City of Port Wentworth; Thomas Barbee; Steve Davis; Scott C. Robichaux, Esq.; Robichaux Law Firm; Thomas & Hutton

Engineering Co.; Chatham County; SPH 21, LLC; SPH Placements, LLC; Steven R. Brock; Chris Hayes; John Paul Whitehead, III; Julius Hall; Phillip McCorkle, Esq.; the Law Firm of McCorkle, Johnson & McCoy, LLP; Kern & Co., LLC; and Chad Zittrouer, PE.  Doc. 11 at 2-3, 8-18.  The individual claims asserted are inconsistent in their identification of the subject defendants.  *Compare* doc. 11 at 19 (first claim asserted against Port Wentworth; Barbee; Davis; Robichaux; McCorkle; McCorkle, Johnson & McCoy; SPH 21, LLC; SPH Placements, LLC; Hayes; Brock; Whitehead; Kern & Co., LLC; Zittrouer, and Hall, identified "individually and collectively [as] the 'Qui Tam Defnedants'"), *with id.* at 24 (second claim asserted against Port Wentworth, Barbee, Davis, Robichaux, and Thomas & Hutton Engineering, identified "individually and collectively as the 'Qui Tam Defendants'").  Frequently, factual allegations that would appear to require specific attribution are asserted against "[t]he Qui Tam Defendants" generally.  *See, e.g., id.* at 30 ("The Qui Tam Defendants failed to properly manage U.S. Government funds . . . .").  Each claim also incorporates all of the prior allegations.  *See id.* at 18, ¶ 66; 23, ¶ 84; 37, ¶ 107; 47, ¶ 125; 53, ¶ 141.

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). Since the Court previously explained the defective "shotgun" character of the Amended Complaint and afforded plaintiffs an opportunity to amend, and given the other defects discussed above, further opportunity to amend is not warranted. The Second Amended Complaint should, therefore, be **DISMISSED**. *See, e.g., Weil v. Phillips*, 816 F. App'x 339, 342 (11th Cir. 2020) (affirming dismissal where "[t]he district court explicitly told [the *pro se* plaintiff] the problem with his complaint and gave him an opportunity to amend it to fix the problem, but, instead, he did the same thing—alleging a shotgun pleading—in his second amended complaint." (citation omitted)).

In summary, claims asserted by plaintiffs Georgia W. Benton, Leroy Benton, Jr., and Lashawn Benton should be **DISMISSED** for their failure to comply with the Court's Order and to prosecute this case. *See, e.g.,* Fed. R. Civ. P. 41(b). All of the claims asserted in the Second Amended Complaint should also be **DISMISSED** because none of the

plaintiffs, proceeding *pro se*, are permitted to serve as relators under the False Claims Act and because it remains an impermissible "shotgun pleading," despite the Court's prior warning. The "Motion to Withdraw" claims previously asserted on behalf of the Estate of Leroy Benton, Sr. should be **DISMISSED** as moot. Doc. 12.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>14th</u> day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA